**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNIFER LOPEZ,**

        **Plaintiff,**

**-vs-**                                        **Case No.  6:04-cv-1700-Orl-28KRS**

**STATE OF FLORIDA DEPARTMENT OF**
**VOCATIONAL REHABILITATION,**

        **Defendant.**
_____

# ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 34). Plaintiff filed a response in opposition (Doc. 37). For the reasons stated below, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED.**

Plaintiff filed a two-count Second Amended Complaint against Defendant, her former employer. Count I of the Second Amended Complaint alleges that Defendant's actions violated Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a); 42 U.S.C. Sections 2000e-5(f) (1) and (3); and the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and seeks injunctive relief, compensatory damages, lost earnings and benefits, lost future earnings, and  attorney's fees and costs. Count II of the Second Amended Complaint alleges that Defendant's actions violated the "Florida Civil Rights Act," Chapter 760, Florida Statutes, and also seeks injunctive relief, compensatory damages, lost earnings and benefits, lost future earnings, and  attorney's fees and costs.

Plaintiff states that she is disabled from cerebral palsy and a related emotional disorder. Second Amended Complaint ¶ 6. She asserts that although she could perform the essential functions of her job as a case worker, she required the reasonable accommodation of limiting the number of case files she was required to handle. Second Amended Complaint ¶ 6. Plaintiff alleges that instead of accommodating her, Defendant increased her workload beyond the recommendation of her doctor and eventually insisted she be placed on leave under the Family Medical Leave Act and ultimately terminated her. Second Amended Complaint ¶ 7 & 8.

Defendant correctly asserts that Plaintiff's ADA claim for money damages against a state agency is barred by the Eleventh Amendment of the United States Constitution. See Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 360 (2001). "Florida has not waived its Eleventh Amendment immunity for itself or its agencies and subdivisions, including its officers in their official capacities." Hamm v. Powell, 874 F.2d 766, 770, n. 3, citing Gamble v. Florida Dept. of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir.1986); Spooner v. Department of Corrections, 514 So. 2d 1077 (Fla.1987); Hill v. Department of Corrections, 513 So. 2d 129 (Fla.1987). Accordingly, the portion of Count I of Plaintiff's Second Amended Complaint seeking damages for alleged violations of Title I of the ADA must be dismissed.

Likewise, a state has Eleventh Amendment immunity from claims brought under 42 U.S.C. § 1981a. See Cone Corporation v. Florida Department of Transportation, 921 F.2d 1190, 1201 n. 37 (11th Cir. 1991) (upholding dismissal of 42 U.S.C. § 1981 claims against Florida Department of Transportation under Eleventh Amendment immunity). Accordingly,

the portion of Count I of Plaintiff's Second Amended Complaint seeking damages for alleged violations of 42 U.S.C. § 1981a must be dismissed.

Plaintiff's claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sections 2000e, must be dismissed because Plaintiff has failed to allege that she meets any of the criteria set forth in the statute. Section 2000e-2 (a)(1) states that "It shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." Plaintiff alleges only that she is disabled from cerebral palsy and a related emotional disorder. Second Amended Complaint ¶ 6. Plaintiff does not allege that she was discriminated against based on her race, color, religion, sex, or national origin. Accordingly, the portion of Count I of Plaintiff's Second Amended Complaint for alleged violations of Title VII must be dismissed.

Plaintiff's claim for injunctive relief under the ADA seeks to "permanently enjoin the Defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Americans With Disabilities Act." Second Amended Complaint ¶ 15(b). "In ADA cases, courts have held that a plaintiff lacks standing to seek

injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant" Sholtz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001), see also Proctor v. Prince George's Hosp. Ctr., 32 F. Supp.2d 830 (D. Md.1998); Hoepfl v. Barlow, 906 F. Supp. 317 (E.D. Va.1995); Aikins v. St. Helena Hosp., 843 F. Supp. 1329 (N.D. Cal.1994). "In addition, '[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury.'" Id. citing Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001). Plaintiff's Second Amended Complaint does not plead facts sufficient to confer standing to seek injunctive relief. Accordingly, the portion of Count I of Plaintiff's Second Amended Complaint seeking injunctive relief must be dismissed.

In her Second Amended Complaint, Plaintiff seeks reinstatement to her job. Second Amended Complaint ¶ 15(d). Rule 8(a)(2), Federal Rules of Civil Procedure mandate that a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Because Plaintiff's Second Amended Complaint fails to meet the requirement of Rule 8(a)(2), the portion of Count I of Plaintiff's Second Amended Complaint seeking reinstatement must be dismissed.

Count II of the Second Amended Complaint alleges that Defendant's actions violated the "Florida Civil Rights Act," Chapter 760, Florida Statutes. A claim filed in federal court against a state agency under state law is barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Therefore, Count II of the Second Amended Complaint must be dismissed.

For the reasons stated above, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**. Count I of the Second Amended Complaint is dismissed without prejudice to file a third amended complaint for violation of the ADA only. If Plaintiff files a third amended complaint, she may include a claim for reinstatement and injunctive relief consistent with this Order. Count II of the Second Amended Complaint is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 20th day of April, 2005.

Copies furnished to:
Counsel of Record
Unrepresented Party

JOHN ANTOON II
United States District Judge