UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER LOPEZ,

          Plaintiff,

-vs-                                  Case No. 6:04-cv-1700-Orl-28KRS

STATE OF FLORIDA DEPARTMENT OF
VOCATIONAL REHABILITATION,

          Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss and/or Strike Portions of Plaintiff's Third Amended Complaint (Doc. 41). Plaintiff filed a response in opposition (Doc. 44). For the reasons stated below, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is **GRANTED.**

Plaintiff filed a Third Amended Complaint (Doc. 40) against Defendant, her former employer, alleging that Defendant's actions violated the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101, et seq., and seeking reinstatement to her position with reinstatement of all benefits to which she would have been entitled, injunctive relief, and attorney's fees and costs. Plaintiff states that she is disabled from cerebral palsy, major depressive disorder recurrent, and post traumatic stress disorder. Third Amended Complaint ¶ ¶ 13 & 14. She asserts that she requested certain reasonable accommodations from Defendant, including a voice activated computer, special filing cabinet, therapeutic chair and stool, and a reduction in case load and work hours. Plaintiff

alleges that Defendant failed to provide the therapeutic chair, reduce Plaintiff's case load or work hours, and failed to program the requested computer equipment for her use. Third Amended Complaint ¶ ¶ 17 & 18. Plaintiff alleges that over her objection, Defendant directed that she be placed on Family Medical Leave and failed to allow her to return to work. Third Amended Complaint ¶ ¶ 21 & 24.

On April 20, 2005, the Court issued an Order (Doc. 38) dismissing Plaintiff's Second Amended Complaint, allowing Plaintiff to file a Third Amended Complaint limited to "a claim for reinstatement and injunctive relief consistent with this Order." Order p. 5.

Defendant asserts that Plaintiff's Third Amended Complaint continues to seek monetary damages by demanding reinstatement of benefits to which she would have been entitled. Plaintiff responds that she is not seeking monetary relief.[1] To the extent that Plaintiff's Third Amended Complaint does seek monetary damages, the Court has previously ruled that Plaintiff's ADA claim for monetary damages against a state agency is barred by the Eleventh Amendment of the United States Constitution. Order, p. 2.

In her Third Amended Complaint, Plaintiff seeks an "injunction directing the Defendant to reinstate any and all of Plaintiff's benefits to which Plaintiff would have been entitled had Plaintiff remained employed with Defendant including heath insurance, life insurance, dental insurance, vacation and sick days, compensatory time," an injunction that upon Plaintiff's

---

[1] "While there is a fine line between seeking monetary benefits and seeking reinstatement of past benefits, as the Plaintiff is not seeking lost wages, those being lost monetary benefits, but rather reinstatement of lost benefits, and request the Court construe the Americans With Disabilities Act broadly to achieve its purposes." Plaintiff's Response, ¶ 13.

reinstatement, Defendant "be directed to reinstate any and all of Plaintiff's seniority rights as an employee that Plaintiff would have been entitled to as of on or about January 21, 2003," and an injunction "directing the Defendant to provide Plaintiff's sentimental bowl, tape recorder and other personal items." Third Amended Complaint, p. 5. Addressing injunctive relief in its Order dismissing Plaintiff's Second Amended Complaint, the Court explained that:

> "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant" Sholtz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001), see also Proctor v. Prince George's Hosp. Ctr., 32 F. Supp.2d 830 (D. Md.1998); Hoepfl v. Barlow, 906 F. Supp. 317 (E.D. Va.1995); Aikins v. St. Helena Hosp., 843 F. Supp. 1329 (N.D. Cal.1994). "In addition, '[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury.'" Id. citing Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001).

Order, p. 3-4. Plaintiff cites Miller v. King, 348 F.3d 1248 (11th Cir. 2004) in support of her claims for injunctive relief. Miller was a disabled man incarcerated for life seeking injunctive relief for issues arising from various prison condition. Id. at 1254. The Eleventh Circuit found he had standing to seek such relief because he "will remain incarcerated for some time," thus satisfying the "real and immediate" threat of future injury. Id. at 1263, n. 14. Unlike the Plaintiff in Miller, the Plaintiff in this case has failed to allege facts giving rise to an inference that she will suffer future discrimination by the Defendant.

Because the claims for injunctive relief set forth in Plaintiff's Third Amended Complaint fail to meet the requirement of Federal Rule of Civil Procedure 8(a)(2), those claims must be dismissed.

For the reasons stated above, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is **GRANTED**. Plaintiff's claims for reinstatement and for attorney's fees and costs remain pending. All other claims for are hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __13__ day of June, 2005.

Copies furnished to:
Counsel of Record
Unrepresented Party